UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS B. BLAIM,

        Plaintiff,                      Case No: 12-14756

vs.                                          HON. AVERN COHN

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**MEMORANDUM AND ORDER ADOPTING REPORT
AND RECOMMENDATION (Doc. 15), OVERRULING
PLAINTIFF'S OBJECTIONS (Doc. 16), DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
(Doc. 8), GRANTING THE COMMISSIONER'S
MOTION FOR SUMMARY JUDGMENT (Doc. 12),
AFFIRMING THE ALJ'S DECISION DENYING
<u>BENEFITS AND DISMISSING CASE</u>**

**I. INTRODUCTION**

This is a Social Security case. Plaintiff Douglas B. Blaim (Blaim) appeals the final decision of the Commissioner of Social Security (Commissioner) denying his application for supplemental security income (SSI) benefits. Blaim claimed that he was disabled since June 28, 1998, due to chronic obstructive pulmonary disease (COPD), degenerative disc disease, and high blood pressure.

The parties filed cross motions for summary judgment (Docs. 8, 12). The motions were referred to a magistrate judge (MJ) for a report and recommendation (MJRR). The MJ recommends that Blaim's motion for summary judgment be denied and that the Commissioner's motion for summary judgment be granted. Blaim filed timely objections to the MJRR (Doc. 16). The Commissioner filed a reply (Doc. 18). For the reasons that

follow, the Court will adopt the MJRR, overrule Blaim's objections, deny Blaim's motion for summary judgment (Doc. 8), grant the Commissioner's motion for summary judgment (Doc. 12), affirm the Commissioner's decision denying benefits, and dismiss the case.

## II. BACKGROUND

### A. Procedural History

As the parties have not objected to the MJ's recitation of the procedural history and administrative record, the Court adopts that portion of the MJRR as if fully set forth herein. *See* (Doc. 15 at 1–4). A brief summary follows.

Blaim applied for SSI benefits on May 17, 2010 claiming a disability onset date of June 28, 1998. The Social Security Administration denied benefits. Blaim requested a hearing. On July 7, 2011, Blaim appeared with counsel before an administrative law judge (ALJ). At the hearing, Blaim testified on his own behalf. In addition, John Stokes, a vocational expert (VE), offered testimony. In testifying, the VE responded to a hypothetical question posed by the ALJ.

On August 23, 2011, the ALJ issued a written decision denying Blaim's claim, finding that he remained capable of performing available work in the national economy. The Appeals Council declined Blaim's request for review, rendering the decision of the Commissioner final. Blaim appeals from that decision.

### B. The ALJ's Decision

The MJRR summarizes the ALJ's August 23, 2011 decision denying benefits:

The ALJ found that while Plaintiff has not engaged in substantial gainful activity since the application date of May 17, 2010, and suffered from the severe impairments of degenerative disc disease, COPD, obesity and hypertension, he did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. The ALJ found that Plaintiff

retains the residual functional capacity (RFC) to lift up to ten pounds frequently and twenty pounds occasionally, and sit, stand, and walk each for up to six hours in a typical eight hour workday. He further found that Plaintiff is limited to jobs allowing him to alternate between sitting and standing, he is limited to only occasional climbing, stooping, crouching, balancing, kneeling and crawling, and he must avoid concentrated exposure to respiratory irritants. The ALJ concluded that Plaintiff is unable to perform his past relevant work but he is able to perform jobs that exist in significant numbers in the national economy. Consequently, the ALJ determined that Plaintiff has not been under a disability as defined by the Social Security Act since May 17, 2010, the date the application was filed.

(Doc. 15 at 4) (internal citations to record omitted).

## C. The Parties' Arguments on Summary Judgment

### 1. Blaim's Arguments

Blaim makes multiple arguments in his motion for summary judgment.

*First*, Blaim contends that the ALJ should not have rejected the opinion of Charles Edmonds, M.D. (Edmonds), a state agency medical consultant who opined that Blaim could only occasionally lift more than (10) ten pounds, that he could stand/walk for (2) two hours during a workday, sit for (6) hours, and that he could occasionally climb, stoop, knee, crouch, and crawl. Dr. Edmonds attributed Blaim's limitations to a lumbar spine disorder. The ALJ placed little weight on Dr. Edmonds's opinion because his assessment was made "without the benefit of a full longitudinal picture of [Blaim's] impairments, the benefit of new medical evidence, or the testimony at the hearing." The ALJ's credibility determination, according to Blaim, was in violation of Social Security Ruling 96-6p, 1996 WL 374180 (July 2, 1996), and contrary to the record evidence showing that Blaim was disabled.

*Second*, Blaim argues that the ALJ's finding that he had the residual functional capacity (RFC) to perform light work was not based on substantial evidence. The ALJ found that Blaim could

> lift up to ten pounds frequently and twenty pounds occasionally and is able to sit for up to six hours, stand up to six hours and walk for up to six hours in a typical eight-hour workday. Furthermore [Blaim] is limited to jobs allowing him to alternate between sitting and standing; he is limited to only occasional climbing, stooping, crouching, balancing, kneeling and crawling and he must avoid concentrated exposure to respiratory irritants.

Blaim argues that the ALJ's finding is contrary to every medical source who rendered an opinion about Blaim's disability, including his treating physician Dr. Steven Kohl, D.O. (Kohl), and Dr. Edmonds. In essence, Blaim contends that the ALJ erroneously acted in the role of medical expert.

*Third*, Blaim takes issue with the ALJ's finding that his "statements concerning the intensity, persistence and limiting effects" of his symptoms "are not credible to the extent that they are inconsistent with" the RFC assessment. The ALJ stated that the medical evidence shows that Blaim is able to perform light work related activities. According to Blaim, the ALJ's determination is contrary to the substantial medical evidence.

*Fourth*, Blaim says that the Commissioner failed to establish that he could perform work based on his age, education, and past work experience. In so doing, Blaim argues that the ALJ relied on a VE who failed to consider all of his functional limitations supported by the medical evidence. The VE testified, in response to a hypothetical question, that Blaim could perform unskilled jobs as an information clerk and office helper/courier. Blaim contends that the hypothetical limitations the ALJ asked the VE to assume are not consistent with his limitations.

Blaim, therefore, seeks summary judgment with instructions to award SSI benefits. Alternatively, Blaim seeks a sentence four remand under 42 U.S.C. § 405(g).

**2. The Commissioner's Arguments**

The Commissioner's motion for summary judgment argues that the decision denying SSI benefits is supported by substantial evidence.

The Commissioner responds to Blaim's argument that the ALJ erroneously declined to follow Dr. Edmonds's opinion by pointing out that the ALJ, but not Dr. Edmonds, reviewed an X-ray of Blaim's lumbar spine which showed only "mild" or "small" degenerative changes. This X-ray contradicted Dr. Kohl's finding that Blaim was unable to sit for any period of time due to his back pain.

In addition, the Commissioner contends that the ALJ's determination that Blaim's testimony was not credible was appropriate and adequately explained. The ALJ explained that Blaim was able to walk 1,700 feet in six minutes during an exercise test, but testified at the hearing that he could not walk more than a block. Thus, the Commissioner argues that the ALJ properly relied on an X-ray contradicting Blaim's complaints, and Blaim's inconsistent testimony, in assessing Blaim's credibility.

Finally, the Commissioner defends the ALJ's explanation of why Dr. Kohl's opinion should not be afforded great weight. Although Dr. Kohl stated that Blaim had extreme functional limitations, these limitations appeared to be based solely on Blaim's subjective complaints, were unsupported by objective findings, and contradicted by Blaim's own admissions.

As to Blaim's respiratory problems, the Commissioner says that the ALJ gave proper weight to the statements of physicians who examined/treated Blaim. Each of these physicians determined that Blaim's respiratory problems were not severe, and that he responded well to breathing treatment.

As such, the Commissioner seeks summary judgment that the ALJ's decision denying SSI benefits was based on substantial evidence.

### III. The MJRR

The MJRR rejects each of Blaim's arguments and recommends summary judgment be granted to the Commissioner.

*First*, the MJRR addresses the ALJ's decision to accord little weight to Dr. Edmonds's October 29, 2010 initial disability determination explanation and Dr. Kohl's opinion. Dr. Edmonds reviewed the medical record and formed an opinion that Blaim was limited to performing sedentary work. The MJRR explains that Social Security Ruling 96-6p requires an ALJ to treat findings made by state agency medical consultants–here Dr. Edmonds–as expert opinion evidence of a nonexamining source. The opinions of state agency medical consultants cannot be ignored, and an ALJ is required to explain the weight given to such opinions in his decision. SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996). The MJRR reasons that the ALJ properly determined that Dr. Edmonds's opinion should be afforded little weight because Dr. Edmonds did not review lumbar and cervical spine X-rays of Blaim from May 2008 showing that his back problem was not as serious as he subjectively reported it to be.

In addition, the MJRR reasons that the ALJ was correct in finding that Dr. Kohl's opinion was entitled to little weight because it was based primarily on Blaim's subjective complaints, which the ALJ found to be less than credible.

The MJRR explains that the ALJ's determination to accord little weight to Dr. Edmonds and Dr. Kohl was based on a review of all of the medical evidence. For example, on June 2, 2010, Blaim was examined by Dr. Manuel Sklar, M.D. (Sklar). Sklar opined that

Blaim should exercise and diet, and that weight loss should help to relieve Blaim's pain. On June 23, 2010, Blaim was examined by Dr. Gregory Berger, M.D. (Berger). Berger noted that Blaim did not have any spinal tenderness and had a stable COPD. In addition, the MJRR explains that the ALJ reviewed a March 2010 examination report of Blaim's neurologist Dr. Agnes Jani-Ascadi:

> Dr. Jani-Ascadi observed that Plaintiff walks normally with caution and bending of his trunk forward, but otherwise he is able to perform heel, toe and tandem walking. The doctor noted that Plaintiff had full muscle strength in all extremities, normal tone and bulk, he could shrug his shoulders and rotate his head with good strength, but he had decreased sensation over the shoulder down to the arm, forearm and fourth and fifth digit mainly in the lateral side. The doctor noted that Plaintiff had mild to moderate control of his pain on pain medications.

Thus, the MJRR concludes that the ALJ's determination that Dr. Edmonds's and Dr. Kohl's opinions required little weight is supported by substantial evidence.

*Second*, the MJRR explains that the ALJ properly discredited Blaim's testimony:

> Here, the ALJ reviewed Plaintiff's testimony and other evidence of record and concluded that Plaintiff's allegations of disabling limitations were not supported by the record. The ALJ discussed evidence that showed that Plaintiff could walk significantly farther than he reported. In addition, the ALJ reviewed evidence that showed that Plaintiff was initially diagnosed with mild degenerative changes in the spine, he was subsequently assessed with mild tenderness of the cervical spine, his x-ray of the hip showed a normal hip joint, and he had full strength in all extremities. The ALJ noted Plaintiff's medications and considered his daily activities. He also referenced the conservative nature of Plaintiff's treatment, and inferred that there was a discrepancy between the treatment Plaintiff received and his stated limitations. In addition, the ALJ noted Plaintiff's noncompliance with medical treatment as evidenced by the fact that Plaintiff was noncompliant with his hypertension medication and he continued to smoke despite complaints of breathing difficulties and recommendations from his physician to quit. Although the ALJ acknowledged that Dr. Kohl provided a statement to the State of Michigan Department of Human Services in November 2010 concerning Plaintiff's medical condition, he observed that there was nothing in the medical record to show that Plaintiff received actual medical treatment for his conditions after October 2010.

\* \* \* \*

The ALJ considered appropriate factors, supported his credibility finding with substantial evidence, and provided a reasonable explanation for why he found that Plaintiff's testimony was not fully credible. The ALJ's credibility assessment should not be disturbed.

*Third*, the MJRR reasons that the RFC assessment–the ALJ's finding that Blaim was capable of performing light work–and that there was work in the national economy that Blaim could perform is supported by substantial evidence. The MJRR states that the hypothetical question asked to the VE accurately portrayed Blaim's limitations which the ALJ found to be credible.

*Finally*, the MJRR addresses Blaim's reliance on new evidence he submitted to the Appeals Council which was not considered by the ALJ. Blaim submitted to the Appeals Council a report from the Botsford hospital emergency room showing that he was admitted for a two week stay for acute exacerbation of COPD. He was discharged in stable condition. The MJRR explains that this evidence cannot be considered because (1) Blaim has not asked for a sentence six remand under 42 U.S.C. § 405(g) which would require the ALJ to consider the new evidence; and (2) even if Blaim did seek a sentence six remand, he has not demonstrated that he is entitled to such a remand. The MJRR explains:

> The evidence submitted to the Appeals Council is near in time but post-dates the ALJ's decision. Therefore, the evidence is new and could not have been presented to the ALJ in time for the ALJ's August 2011 decision. However, Plaintiff has not made any argument as to the materiality of the evidence or shown in any way that there is a reasonable probability that the ALJ would have reached a different disposition of Plaintiff's disability claim if presented with the new evidence. The undersigned finds that a sentence six remand is not warranted for consideration of the evidence Plaintiff submitted to the Appeals Council.

### IV. Blaim's Objections to MJRR

Blaim's objections to the MJRR essentially reassert all the claims made in his motion for summary judgment. Blaim argues that the MJRR erroneously concluded that the ALJ

properly rejected Dr. Edmonds's opinion. Likewise, Blaim contends that the MJRR erred in finding that the ALJ's evaluation of his credibility should not be disturbed. Blaim argues that the ALJ's decision is not supported by substantial evidence.

## V. STANDARD OF REVIEW

### A. Objections to MJRR

A district court must conduct a de novo review of the parts of a MJRR to which a party objects. 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* The requirement that district judges with life tenure conduct a de novo review and be the final arbiters of matters referred to a magistrate judge is jurisdictional. *United States v. Shami*, 754 F.2d 670, 672 (6th Cir. 1985); *Flournoy v. Marshall*, 842 F.2d 875, 878 (6th Cir. 1987).

### B. Commissioner's Disability Determination

Judicial review of a Social Security disability benefits application is limited to determining whether "the commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). A reviewing court may not resolve conflicts in the evidence or decide questions of credibility. *Brainard v. Sec'y of HHS*, 889 F.2d 679, 681 (6th Cir. 1989). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is "more than a scintilla but less than a preponderance." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 399 (1938). "Substantial

evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Casey v. Sec'y of HHS*, 987 F.2d 1230, 1233 (6thCir. 1993); *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009). The substantial evidence standard is deferential and "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference with the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

When determining whether the Commissioner's decision is supported by substantial evidence, the reviewing court must take into consideration the entire record as a whole. *Futernick v. Richardson*, 484 F.2d 647, 649 (6th Cir. 1973). If the Appeals Council declines to review the ALJ's decision, the court's review is limited to the record and evidence before the ALJ, *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993), regardless if the ALJ actually cited to the evidence. *Walker v. Sec'y of HHS*, 884 F.2d 241, 245 (6th Cir. 1989). Nonetheless, there is no requirement that the reviewing court discuss all evidence in the record. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x. 496, 508 (6th Cir. 2006). Essentially, the court's role is limited to search for substantial evidence that is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

## VI. ANALYSIS

The well-reasoned MJRR adequately addresses the parties' arguments and correctly concludes that the ALJ's decision was supported by substantial evidence. Blaim's objections to the MJRR reiterate the arguments made in his motion for summary judgment.

Further explanation by the Court is not necessary and would only duplicate the MJRR. The MJRR will be adopted in full as the findings and conclusions of the Court.

## VII. CONCLUSION

For the reasons stated above,

the MJRR (Doc. 15) is ADOPTED as the findings and conclusions of the Court;

Blaim's objections (Doc. 16) are OVERRULED;

Blaim's motion for summary judgment (Doc. 8) is DENIED;

the Commissioner's motion for summary judgment (Doc. 12) is GRANTED;

the ALJ's decision denying SSI benefits is AFFIRMED;

and this case is DISMISSED.

The ALJ's decision, as the MJRR recognizes, is supported by substantial evidence.

SO ORDERED.

    s/Avern Cohn
UNITED STATES DISTRICT JUDGE

Dated:  December 5, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, December 5, 2013, by electronic and/or ordinary mail.

    s/Carol Bethel for Sakne Chami
Case Manager, (313) 234-5160

11